IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA      )
                              )
v.                            )      No.   **NO. 4:14CR00068 - KGB**
                              )
BRADLEY STEPHEN PAUL, ET AL   )

<u>**UNITED STATES' MOTION TO CONTINUE**</u>

1.  *Sua sponte*, the Court has raised the issue of the status of Gary Alan Rickenbach, whose
    guilty plea to a felony information pursuant to a Rule 11 (c)(1)(C) plea agreement remains
    pending acceptance by the Court who may accept or reject the plea and plea agreement.

2.  The Court has correctly noted that, procedurally, Rickenbach remains a co-defendant with
    defendants Paul and Heald who are scheduled to go to trial the week of June 1, 2016.   The
    Court has also correctly observed that Rickenbach has existing Fifth Amendment rights
    which remain intact.

3.  On January 28, 2016, this Court issued an order explaining, in part, the process it expected
    to follow when Rickenbach would be sentenced. See Docket #69. In mid-March, 2016,
    Rickenbach's counsel moved to continue sentencing and the Court denied the motion on
    March 15, 2016 as moot because no sentencing hearing had been set. See Docket #71.

4.  The defense has been on notice that Rickenbach's guilty plea has not yet been ruled upon
    and that he has not yet been sentenced for some time. For the first time, they argue that
    Rickenbach has existing Fifth Amendment rights and they contend that the fact that his
    guilty plea has not yet been ruled upon nor that he has been sentenced render them unable
    to conduct a full pretrial investigation or a meaningful cross-examination of Rickenbach

when he testifies at trial, implicating the Fifth and Sixth Amendment rights of their clients. They also argue that the government has engaged in "opaque machinations" in these regards such that Speedy Trial rights are implicated.   Accordingly, they claim that they cannot proceed to trial until Rickenbach's "status" is finalized and that any delay in the trial should be assessed against the government.

5.  As a co-conspirator with other named and un-named conspirators including Heald and Paul, Rickenbach is "unquestionably important" and the government intends in good faith to call him to testify at a trial of Heald and Paul, Rickenbach should be deemed "essential" for purposes of the Speedy Trial Act.   See *United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir. 1987).   When a witness is under indictment for the same offense as that to which he is requested to testify, Fifth Amendment safeguards render this witness unavailable for the purposes of the Speedy Trial Act. *Id*; see also *Mitchell v. United States*, 526 U.S. 314, 326, 119 S.Ct. 1307(1999)(holding that a guilty plea does not constitute waiver of the privilege against self-incrimination). Where there can be no further incrimination, there is no basis for assertion of the privilege and that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final.   See *Mitchell*, 526 U.S. at 326, 119 S.Ct. at 1314.

6.  While the government expected to call Rickenbach to testify at trial as scheduled and did not expect him to invoke the Fifth Amendment, under the scenario posed by the defense, Rickenbach has Fifth Amendment rights which make him unavailable for trial for purposes of the Speedy Trial Act.   Accordingly, the United States moves for a continuance for the

purpose of scheduling a hearing to determine whether the Court will accept the pending plea agreement and guilty plea and to exclude the intervening period of delay pursuant to Title 18, United States Code, Section 3161(h)(3) on the grounds that Rickenbach is an essential witness and is unavailable within the meaning of the Speedy Trial Act and precedent construing it.

7.  Finally, the defense has argued that it has been deprived of the opportunity to conduct fulsome pretrial investigation and to prepare for meaningful cross examination due to Rickenbach's status.   To extinguish any claim of ineffective assistance of counsel pursuant to Title 28, United States Code, Section 2255, the United States moves that the trial be continued to allow for Rickenbach's guilty plea to be considered by the Court to provide defense counsel ample time that they claim they need to further investigate his status and to provide for meaningful cross examination.   This time should be excluded in the ends of justice pursuant to Title 18, United States Code, Section 3161(h)(7)(A).

THEREFORE, for the foregoing reasons and citations to authority, the United States moves for a brief continuance of trial and that the intervening period of delay be excluded from computation for purposes of the Speedy Trial Act.

Respectfully submitted,

CHRISTOPHER R. THYER

UNITED STATES ATTORNEY

/s/ Angela S. Jegley
By:   ANGELA S. JEGLEY
Bar No. 79100
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
501-340-2600
Angela.Jegley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed by the district court's electronic filing system and a copy will be sent electronically to the defendant's attorney of record, on this 26th day of May, 2016.

/s/ Angela S. Jegley
ANGELA S. JEGLEY

4