**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                              Case No. 4:14-cr-00068 KGB

GARY ALLEN RICKENBACH, *et al*.                                    DEFENDANTS

<u>ORDER</u>

Before this Court is defendants Michael Francis Heald and Bradley Stephens Paul's joint motion for miscellaneous and much needed relief (Dkt. No. 102). On July 7, 2016, the Court held a hearing in this matter. During that hearing, the Court informed the government and Mr. Rickenbach regarding Mr. Heald and Mr. Paul's joint motion for relief. The Court requested that the parties review the filing and be prepared to discuss their positions during the previously scheduled July 8, 2016, hearing in this matter. Neither the government nor Mr. Rickenbach has filed a response to the motion. However, each party was offered the opportunity to respond orally during the July 8, 2016, hearing. The Court entered a separate order on the request for a continuance of the July 11, 2016, trial date (Dkt. No. 113). For the following reasons, the Court grants in part and denies in part the remaining requests in the motion.

I.       **Procedural Overview**

By way of background, Mr. Heald and Mr. Paul are named as codefendants and alleged coconspirators in a superseding indictment with codefendant and alleged coconspirator Gary Alan Rickenbach (Dkt. No. 21). The superseding indictment, which was filed on March 3, 2015, named as codefendants and alleged coconspirators Mr. Heald, Mr. Paul, Mr. Rickenbach, and Tom Monroe Whitehead. The government, with the Court's approval, dismissed the indictment as to Mr. Whitehead (Dkt. No. 64). The superseding indictment includes alleged offense conduct

from January 2009 through September 2012.  Along with a forfeiture allegation, the superseding

indictment alleges:

> Count One:  that all charged defendants engaged in a conspiracy to commit bank
> fraud
>
> Count Two:  that Mr. Rickenbach engaged in bank fraud from February 2007 to
> April 9, 2007
>
> Count Three:  that all charged defendants aided and abetted a false bank entry for
> October 30, 2008
>
> Count Four:  that Mr. Rickenbach made a false statement for January 29, 2009
>
> Count Five:  that all charged defendants aided and abetted a false bank entry for
> February 5, 2009
>
> Count Six:   that Mr. Rickenbach and Mr. Paul aided and abetted a false bank
> entry for May 29, 2009
>
> Count Seven:   that all charged defendants engaged in a conspiracy to commit
> money laundering

(Dkt. No. 21).

On November 23, 2015, the Court conducted a change of plea hearing at the request of

Mr. Rickenbach.  During that plea hearing, Mr. Rickenbach tendered a plea pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C) to an information charging him with misprision of a

felony (Dkt. No. 56).  Mr. Rickenbach's plea was tendered in open court.  In keeping with its

practice, the Court did not accept the plea at that hearing.  Instead, the Court advised the parties

that it would wait to review the Presentence Report ("PSR") to determine whether it would

accept the plea.  In connection with the plea, the Court was provided with copies of a plea

agreement and addendum (Dkt. Nos. 58, 59).  The plea agreement is filed of record, and the plea

addendum is filed under seal, as is the customary practice in the Eastern District of Arkansas

(Dkt. No. 59).  A PSR was prepared (Dkt. No. 68).

Pursuant to this Court's prior Order granting Mr. Heald and Mr. Paul's joint motion for a continuance, a trial date in this matter was set for May 31, 2016 (Dkt. No. 65).  On March 10, 2016, Mr. Rickenbach filed a motion to continue his sentencing hearing and requested that the hearing be conducted after the trial of codefendants Mr. Heald and Mr. Paul (Dkt. No. 70). Although the government did not object to the motion, the Court denied as moot Mr. Rickenbach's motion because no sentencing date had been set at that time (Dkt. No. 70).

Subsequently, on May 27, 2016, the Court conducted two telephone conferences with Mr. Rickenbach, Mr. Heald, Mr. Paul, and the government (Rickenbach Dkt. Nos. 81, 85).  During those conferences, the Court notified the parties that Mr. Rickenbach's tendered plea to the information charging misprision of a felony had not yet been accepted, and the charges pending against Mr. Rickenbach in the indictment and superseding indictment remained pending.  During this hearing, the government made known on the record that the government anticipated that during Mr. Heald and Mr. Paul's trial, Mr. Rickenbach likely would serve as a witness for the government (Dkt. No. 100, at 19:10-13).  Mr. Rickenbach and the government then each moved for a continuance of the impending trial date (Dkt. Nos. 83, 84).  The Court granted the government's motion for continuance and reset the trial date in this matter for July 11, 2016 (Dkt. No. 86).

On June 15, 2016, the Court convened a status hearing with all parties (Dkt. Nos. 87, 91). Prior to the status hearing, Mr. Heald and Mr. Paul filed a joint motion requesting access to Mr. Rickenbach's PSR and requesting to participate in Mr. Rickenbach's Rule 11(c)(1)(C) plea proceedings (Dkt. No. 88).  The Court denied the motion (Rickenbach Dkt. No. 90).  In its written Order, the Court determined that Mr. Heald and Mr. Paul had not met the "special need" standard for accessing a codefendant's PSR as described by the United States Court of Appeals

for the Eighth Circuit in *United States v. Williams*, 624 F.3d 889 (8th Cir. 2010). Acknowledging that the Court had not yet ruled on Mr. Rickenbach's tendered Rule 11(c)(1)(C) plea, the Court permitted leave for Mr. Heald and Mr. Paul to refile their request for access to the PSR. The Court also acknowledged that Mr. Heald and Mr. Paul were not prevented from attending the status hearing regarding Mr. Rickenbach's tendered plea because the hearing was to be held in open court.

On June 15, 2016, the Court conducted the status hearing (Dkt. No. 91). During the hearing, Mr. Heald and Mr. Paul were permitted to present argument to the Court regarding their motion for access to Mr. Rickenbach's PSR and their request to participate in Mr. Rickenbach's plea proceedings. Notably, when asked by the Court why the Rule 11(c)(1)(C) plea agreement negotiated by the government and Mr. Rickenbach recommended that the Court impose a below-Guideline sentence, the government and Mr. Rickenbach indicated in open court that Mr. Rickenbach intended to cooperate and provide testimony during the trial of Mr. Heald and Mr. Paul, if a trial occurred. At their request, the government and Mr. Rickenbach were granted leave by the Court to file memoranda addressing the tendered Rule 11(c)(1)(C) plea, should they wish to do so. Both the government and Mr. Rickenbach filed sealed memoranda; the Court did not direct nor did the government or Mr. Rickenbach seek approval to file memoranda under seal (Dkt. No. 94, 95). The sealed memoranda were not served on counsel for Mr. Heald or Mr. Paul. On June 29, 2016, this Court filed a sealed Order addressing Mr. Rickenbach's Rule 11(c)(1)(C) plea (Dkt. No. 96). Mr. Heald and Mr. Paul were provided by the Court with a copy of that sealed Order on June 30, 2016. The Court set a status hearing for July 8, 2016, to inform Mr. Rickenbach, in open court, of the Court's decision with regard to his Rule 11(c)(1)(C) plea (Dkt. No. 98).

On July 7, 2016, the Court received communication from the government and Mr. Rickenbach indicating that Mr. Rickenbach wished to have a change of plea hearing. The Court, therefore, conducted a hearing on July 7, 2016 (Dkt. No. 101, 103). Mr. Heald and Mr. Paul attended the hearing. Prior to the hearing, Mr. Heald and Mr. Paul filed the instant joint motion for miscellaneous relief (Dkt. No. 102). During the hearing, the Court, consistent with its prior order, informed Mr. Rickenbach that the Court would not accept his Rule 11(c)(1)(C) plea.

The Court convened the status hearing on July 8, 2016. At that hearing, the Court permitted Mr. Rickenbach to withdraw his Rule 11(c)(1)(C) plea and to proceed to enter a plea to a superseding information charging him with misprision of a felony. Upon acceptance of Mr. Rickenbach's plea, the Court on the government's motion dismissed the indictment, superseding indictment, and information as to Mr. Rickenbach.

With that procedural background in mind, this Court turns to the merits of Mr. Heald and Mr. Paul's joint motion for miscellaneous relief.

## II.    Merits

### A.    Speedy Trial Act

Mr. Heald and Mr. Paul request an explicit order from this Court to the effect that "any and all delays since May 31, 2016 that are required to address and resolve matters related to the tendered Rickenbach plea will count against speedy trial requirements, and will be added to previous time periods that have been calculated against the speedy trial clock" (Dkt. No. 102, at 3). Mr. Heald and Mr. Paul subsequently filed a joint motion for continuance in which they waived their speedy trial rights (Dkt. Nos. 105, 112). The Court granted the motion (Dkt. No. 113). Therefore, the Court denies without prejudice as to refiling Mr. Heald and Mr. Paul's request for an explicit ruling on excludable periods for speedy trial purposes.

### B.      Unsealing of  Certain Documents

Mr. Heald and Mr. Paul request that the Court unseal the following documents:   Mr. Rickenbach's plea addendum to his rejected Rule 11(c)(1)(C) plea; the government's memorandum regarding Mr. Rickenbach's rejected Rule 11(c)(1)(C) plea; and Mr. Rickenbach's memorandum in support of his rejected Rule 11(c)(1)(C) plea.   In addressing this request, the Court first notes that the proposed Rule 11(c)(1)(C) plea agreement itself was filed of record (Dkt. No. 58).   Mr. Heald and Mr. Paul acknowledge that they have already obtained a copy of Mr. Rickenbach's plea addendum (Dkt. No. 102, at 4).   Further, although the Court sealed its written order rejecting the Rule 11(c)(1)(C) plea, the Court provided to Mr. Heald and Mr. Paul copies of the Order (Dkt. No. 96).   The government and Mr. Rickenbach agree to providing copies to Mr. Heald and Mr. Paul of the government's memorandum regarding Mr. Rickenbach's rejected Rule 11(c)(1)(C) plea and Mr. Rickenbach's memorandum in support of his rejected Rule 11(c)(1)(C) plea.   Mr. Rickenbach requested that the letters in support of his plea agreement remain under seal and not be released.   Therefore, the Court grants Mr. Heald and Mr. Paul's motion for relief to the extent that the Court orders that copies of the government's memorandum regarding Mr. Rickenbach's rejected Rule 11(c)(1)(C) plea and Mr. Rickenbach's memorandum in support of his rejected Rule 11(c)(1)(C) plea be provided to them (Dkt. Nos. 94, 95).   The Court makes no determination as to the admissibility at trial of those documents, or any of the other documents that are sealed, at this time.

### C.      PSR

Finally, Mr. Heald and Mr. Paul request access to the PSR prepared in connection with Mr. Rickenbach's Rule 11(c)(1)(C) plea (Dkt. No. 102, at 5).   Mr. Rickenbach does not agree to this request.   The Court denies Mr. Heald and Mr. Paul's request for access to Mr. Rickenbach's

PSR, which was prepared in connection with his Rule 11(c)(1)(C) plea.   In a prior order addressing this issue, the Court set out various approaches used by the Eighth Circuit Court of Appeals and other courts faced with codefendants requesting access to the PSR of a fellow codefendant.   Despite this, Mr. Heald and Mr. Paul have failed to cite any authority or address the factors or standards enunciated in those cases.   They have failed to distinguish their situation from those cited by the Court.   Instead, they contend that "the 'normal' considerations that routinely shield the PSR from public access must give way in this case due to the manner and means by which the Government and Mr. Rickenbach have chosen to pursue their joint campaign to induce this Court to accept the proffered Rule 11(c)(1)(C) agreement" (Heald Dkt. No. 102, at 19).   They further contend that "there clearly is a 'special need' in this case" (*Id.* at 20).   To reiterate, the Court rejected Mr. Rickenbach's Rule 11(c)(1)(C) plea.   Mr. Heald and Mr. Paul have failed to demonstrate why they should be permitted to access any information in Mr. Rickenbach's PSR that may have been designed to induce this Court to accept his Rule 11(c)(1)(C) plea when the Court in fact rejected that plea.

## III.    Conclusion

The Court denies without prejudice to refiling Mr. Heald and Mr. Paul's request for an explicit ruling on excludable periods for speedy trial purposes.   The Court orders the Clerk's Office to mail copies of the government's memorandum regarding Mr. Rickenbach's rejected Rule 11(c)(1)(C) plea and Mr. Rickenbach's memorandum in support of his rejected Rule 11(c)(1)(C) plea to Mr. Heald and Mr. Paul (Dkt. Nos. 94, 95).   The letters of support attached to Mr. Rickenbach's memorandum are excluded and should not be mailed to either Mr. Heald or Mr. Paul (Dkt. No. 95, Exhibit B).   While the Court is not aware that any letters of support were attached to the government's memorandum, the Clerk's Office is instructed to exclude those

letters should any be attached to the government's filing (Dkt. No. 94).  In short, any letters in support of Mr. Rickenbach should not be sent to Mr. Heald or Mr. Paul.  Mr. Heald and Mr. Paul represent that they have already received copies of the Court's Order and Mr. Rickenbach's plea addendum (Dkt. Nos. 96, 59).  The Court denies the request for access to Mr. Rickenbach's PSR prepared in connection with his rejected Rule 11(c)(1)(C) plea agreement.

It is so ordered this 19th day of August, 2016.


Kristine G. Baker
United States District Judge